IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**KATHRYN HILLIS**                                                                                    PLAINTIFF

           v.         Civil No. 06-4111

**MILLER COUNTY, ARKANSAS;**
**SHERIFF H.L. PHILLIPS, in his**
**individual capacity;**
**CAPTAIN TOBY GILES, in his**
**individual capacity;**
**CITY OF TEXARKANA, ARKANSAS;**
**LTR. RICK ENDSLEY, in his**
**individual capacity;**
**SGT. JOE BENNETT, in his**
**individual capacity; and the**
**BI-STATE NARCOTICS TASK FORCE**                                                  DEFENDANTS

**O R D E R**

    Now on this 23d day of April, 2007, comes on for consideration the **Motion To Dismiss** (document #17) of separate defendant Bi-State Narcotics Task Force ("BSNTF"), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.    Plaintiff Kathryn Hillis alleges that the defendants subjected her to employment discrimination in violation of Title VII; violated her rights to equal protection and due process in violation of the Fourteenth Amendment; infringed her First Amendment right to freedom of speech; and committed similar violations of Arkansas law under the Arkansas Civil Rights Act and the Arkansas Constitution.

    2.    BSNTF moves to dismiss, making two arguments in support

of its motion.  First, BSNTF contends that it is not an entity amenable to suit, and Hillis' claim should be dismissed pursuant to **F.R.C.P. 12(b)(1)** and **12(b)(6)**.  Second, it contends that Hillis failed to obtain proper service, and her claim should be dismissed pursuant to **F.R.C.P. 12(b)(5)**.

3.   BSNTF's first argument relies heavily on **Brown v. Fifth Judicial District Drug Task Force**, 255 F.3d 475 (8th Cir. 2001), which affirmed the dismissal of a suit against a multi-jurisdictional task force.  However, as Hillis points out, review in that case was for plain error, because the plaintiff below did not respond to the drug task force's motion to dismiss and there was no evidence about the organizational structure of the moving party.

Hillis points out that at this stage of the case, she has no evidence about the organizational structure of BSNTF, and suggests that the Court should deny BSNTF's motion, and allow her to take discovery on that topic before deciding whether BSNTF is a legal entity subject to suit under state law, an unincorporated association which may be sued to enforce federal constitutional or statutory rights, or neither.

The Court find's Hillis' position persuasive.  There is no evidentiary support for BSNTF's contentions, and Hillis, not having been able to take discovery at this point, is not in a position to offer evidence of her own.  The Court believes it

would be premature to dismiss the case at this point on this argument.

4.   BSNTF's second argument is that Hillis failed to perfect service of process because the Complaint and Summons were served on defendant Lt. Rick Endsley rather than on "the program administrator" of BSNTF.  Presumably the "program administrator" would be Texarkana Police Chief Robert Harrison, who is described elsewhere in BSNTF's brief as the "project administrator" for BSNTF.

**F.R.C.P. 4(h)** provides for service upon an unincorporated association within a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

Hillis points out that, without benefit of discovery, she has no information other than the bare assertion in BSTNF's brief to support BSTNF's contention that Endsley is not a proper person to receive service of process in this matter.  BSTNF has offered no evidence in support of that assertion.

As with BSTNF's first argument, the Court is persuaded that Hillis has raised a valid point.  It would have been a simple matter for BSTNF to have supported its motion with evidence, but that was not done.  Hillis has had no opportunity to develop

evidence of her own through discovery.

5.   While the Court will deny BSNTF's motion for the reasons set forth herein, it will allow the motion to be renewed after sufficient discovery has taken place that the parties can place before the Court evidence in support of their respective positions on the issues raised by the motion.

**IT IS THEREFORE ORDERED** that the **Motion To Dismiss** (document #17) of separate defendant Bi-State Narcotics Task Force ("BSNTF") is **denied.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　 /s/ Jimm Larry Hendren
　　　　　　　　　　　　　　　　　　**JIMM LARRY HENDREN**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**