IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KATHRYN HILLIS                                              PLAINTIFF

             v.              Civil No. 06-4111

MILLER COUNTY, ARKANSAS;
SHERIFF H.L. PHILLIPS, in his
individual capacity;
CAPTAIN TOBY GILES, in his
individual capacity;
CITY OF TEXARKANA, ARKANSAS;
LT. RICK ENDSLEY, in his
individual capacity;
LT. JIM HORNE, in his
individual capacity; and
SGT. JOE BENNETT, in his
individual capacity                                       DEFENDANTS

O R D E R

Now on this 29th day of January, 2008, comes on for consideration the **Motion For Partial Summary Judgment** of separate defendants Miller County, Arkansas ("Miller County"), and City of Texarkana, Arkansas ("Texarkana")(document #35), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

1.   Plaintiff Kathryn Hillis ("Hillis") alleges that she was employed by Miller County as a deputy sheriff, but was not assigned to the patrol division due to a gender-discriminatory policy of Miller County. Hillis alleges that she was eventually assigned to the Bi-State Narcotics Task Force ("BSNTF"), a joint operation conducted by the Miller County Sheriff's Department and the Texarkana Police Department, where she was supervised by

employees of the Texarkana Police Department, and where she alleges she was subjected to gender discrimination sufficient to create a hostile environment, and to retaliation for refusal to submit to sexual advances. She further alleges that when she filed a complaint about the matter, she was demoted to a position at the Miller County Sheriff's Department and ultimately terminated in retaliation therefor. While Hillis was later reinstated, she alleges that it was to a less desirable position, and that she was not made whole as to lost benefits.

Hillis asserts claims under **Title VII, 42 U.S.C. §1983**, the **Arkansas Civil Rights Act**, and the **Arkansas Constitution**.

Miller County and Texarkana now move for summary judgment. Hillis has responded, and the motion is ripe for decision.

2. Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States, 31 F.3d 696 (8th Cir. 1994)**. Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp., 45 F.3d 262 (8th Cir. 1995)**. The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the

-2-

moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op, 838 F.2d 268 (8th Cir. 1988).**

3. Pursuant to **Local Rule 56.1**, the parties have filed statements of facts which they contend are not in dispute. From those statements, and from the allegations of the Complaint which are admitted by the movants, the following significant undisputed facts are made to appear:

* Miller County is a county corporation, organized and existing under the laws of the State of Arkansas.

* Separate defendant Sheriff H.L. Phillips ("Sheriff Phillips") was, at all relevant times, the duly elected and acting Sheriff of Miller County, responsible for day-to-day operations and the selection, training, supervision, and discipline of employees of the Sheriff's Department. He was the final policy-maker and ultimate decision-maker with respect to employment matters and law enforcement operations for Miller County.

* Texarkana is a municipal corporation organized and existing under the laws of the State of Arkansas, and having as one of its departments the Texarkana Police Department.

* The BSNTF is an agency or partnership created by an intergovernmental contract between several law enforcement agencies, including the Miller County Sheriff's Department and the

Texarkana Police Department.

    *    Hillis was employed by Miller County in September, 2002,
as a deputy sheriff.  Hillis was originally assigned to the civil
process division of the Miller County Sheriff's Department, but at
some point was reassigned to the BSNTF.

    *    On or about November 21, 2005, Hillis filed a formal
written complaint against separate defendant Sgt. Joe Bennett
("Bennett") of the Texarkana Police Department, and provided
Miller County with a copy of the complaint.

    *    On January 3, 2006, Hillis was terminated from
employment with the Miller County Sheriff's Department.  She was
not given a pre-termination hearing.

    *    On or about March 9, 2006, Hillis was given a post-
termination hearing before the Miller County Quorum Court.  After
hearing evidence on the matter, the Quorum Court ordered that
Hillis be reinstated with back pay and benefits.

    *    Both Miller County and Texarkana have written policies
that prohibit gender discrimination.

    *    Hillis filed a timely complaint with the Equal
Employment Opportunity Commission; received a notice of right to
sue; and timely instituted this suit.

    4.   The gist of the pending motion is movants' contention
that Hillis cannot show "that it is the custom or policy of either
the City of Texarkana or Miller County, Arkansas, to discriminate

against individuals such as the Plaintiff due to gender." While this contention relies on the legal standard applicable to claims against municipalities brought under **42 U.S.C. §1983**, movants argue that "[t]he analysis is similar when a plaintiff alleges both Title VII and §1983 claims." Thus, regardless of whether Hillis bottoms her claims on **Title VII** or **§1983**, movants take the position that she must prove that they had a policy, practice or custom of discrimination in order to recover.

Hillis, for her part, contends that -- at least as to her Title VII claims -- she need show no policy, practice or custom. In addition, she contends that she can in fact establish that the alleged wrongdoing amounted to an official policy, practice, or custom.

5.    In **Monell v. Department of Social Services of the City of New York**, **436 U.S. 658 (1978)**, the Supreme Court examined the circumstances under which a municipality could be held liable for the constitutional tort of an employee pursuant to **42 U.S.C. §1983**. The Court there held that

> Local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body' officers.
>            *        *        *
> On the other hand, the language of §1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a

constitutional tort.  In particular, we conclude that a
municipality cannot be held liable *solely* because it
employees a tortfeasor -- or, in other words, a
municipality cannot be held liable under §1983 on a
*respondeat superior* theory.

**436 U.S. at 690-91.**

Twenty years later, in **Faragher v. City of Boca Raton**, **524**
**U.S. 775 (1998),** the Court examined the circumstances under which
a municipality could be held liable for the acts of a supervisory
employee which violated Title VII.  The Court there held

> [a]n employer is subject to vicarious liability to a
> victimized employee for an actionable hostile
> environment created by a supervisor with immediate (or
> successively higher) authority over the employee.  When
> no tangible employment action is taken, a defending
> employer may raise an affirmative defense to liability
> or damages . . . . The defense comprises two necessary
> elements:  (a) that the employer exercised reasonable
> care to prevent and correct promptly any sexually
> harassing behavior, and (b) that the plaintiff employee
> unreasonably failed to take advantage of any preventive
> or corrective opportunities provided by the employer or
> to avoid harm otherwise. . . . No affirmative defense is
> available, however, when the supervisor's harassment
> culminates in a tangible employment action, such as
> discharge, demotion, or undesirable reassignment.

**524 U.S. at 807-08.**

6.  It can be seen from the quoted passages that the
standards are significantly different for claims of gender
discrimination under **§1983** and **Title VII**.

To the extent that Hillis' claims are bottomed on **Title VII**,
the pending motion does not task Hillis to come forward with any
evidence, because the movants have not shown any evidence in their

-6-

favor that Hillis must meet.

To the extent that those claims rest on **§1983**, the mere fact that the movants had written policies against sexual harassment in place does not establish their right to summary judgment. Policies can, of course, be ignored, both by individuals and by corporate bodies. For example, Miller County offers the Affidavit of Sheriff Phillips, in which he avers that he wanted to assign Hillis to patrol, but that she did not want the assignment, and that he can recall hiring at least eight women to work patrol.

Hillis responds with her own Affidavit, averring that after she was hired by Miller County, Sheriff Phillips told her that she would "never be allowed to work patrol, because he thought that it was too dangerous for women to work patrol," and that although she worked in several departments - civil process, warrants, and detective division - she was not allowed to work patrol until after she had been fired, hired a lawyer, and was reinstated.

Hillis also relies on the Affidavit of another female deputy, Kristi Mitchell, who avers that she too was denied an assignment to patrol, being told by Captain Toby Giles that "the Sheriff did not put women on patrol" and by Sheriff Phillips that "he does not assign women to the patrol division because it is too dangerous."

These Affidavits are clearly sufficient to create a jury question on the issue of whether Miller County had a practice of prohibiting women from working patrol during the time Hillis was

employed by Miller County.

      7.    Because the moving parties have failed to show that they are entitled to judgment as a matter of law, or that all the evidence points towards only one conclusion - in their favor - the motion will be denied.

      **IT IS THEREFORE ORDERED** that the **Motion For Partial Summary Judgment** of separate defendants Miller County, Arkansas, and City of Texarkana, Arkansas, (document #35) is **denied.**

      **IT IS SO ORDERED.**

      **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**